IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONTINENTAL WESTERN INSURANCE )
COMPANY, )
 )
      **Plaintiff,** )
 )    **CIVIL ACTION**
v. )
 )    **No. 12-1087-KHV**
ROBERTSON TANK SERVICE, INC., )
et al., )
 )
      **Defendants.** )
 )

## MEMORANDUM AND ORDER

Continental Western Insurance Company seeks a declaratory judgment that it is not obligated to defend or indemnify Robertson Tank Service, Inc., the Estate of Wayne H. Robertson and Silvano R. Deanda in a pending state court negligence action. This case is before the Court on <u>Defendant Silvano R. Deanda's Motion To Dismiss Or, In the Alternative, To Stay Plaintiff's Complaint For Declaratory Judgment</u> (Doc. #27) filed November 19, 2012. For reasons set forth below, the Court finds that the motion should be sustained in part and overruled in part.

## Factual Background

On January 31, 2011, Katherine Tucker filed a survival action and wrongful death suit in the District Court of Morton County, Kansas against Robertson Tank Service, Inc. ("Tank Service"), Wayne Robertson and Silvano Deanda. The state court petition alleged that on February 4, 2009, Allen Tucker was driving north on U.S. Highway 56 in his pickup truck. Meanwhile, Deanda was driving eastbound on a side road in a pickup truck owned by Wayne Robertson. Deanda failed to yield at a stop sign and drove into the path of Tucker's truck, causing it to roll and eject Tucker from the cab. On May 25, 2009, Tucker died from injuries sustained in the accident.

The state court petition alleged that at the time of the accident, Deanda may have been acting within the scope of his employment with Tank Service and/or Wayne Robertson.[1] Continental agreed to defend Tank Service, Robertson and Deanda in the state lawsuit under a commercial auto liability policy issued to Tank Service, subject to a reservation of rights.

The insurance policy provides that Continental "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"[2] If Deanda was driving the truck with Tank Service permission and conducting Tank Service business at the

---

[1] From the scant record before this Court, it appears that Wayne ("Jack") Robertson was an officer or employee of Tank Service. Deanda worked for either Tank Service and/or for Robertson individually. See Doc. #29-2, 29-3.

[2] The policy defines terms as follows:

"Covered auto" includes "hired autos" and "nonowned autos."

"Hired 'autos'" include "Only those 'autos' you lease, hire or borrow" but not any "private passenger type" "auto" you lease, hire, rent or borrow from any of your "employees," or "agents."

"Nonowned autos" include "Only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes 'private passenger type' 'autos' owned by your 'employees' . . . but only while used in your business or your personal affairs."

"Employee" includes "a leased worker, [but not a] temporary worker."

"Insureds" include anyone "while using with your permission a covered 'auto' you own, hire or borrow except:
 "(1) The owner or any 'employee,' agent or driver of the owner, or anyone else from whom you hire or borrow a covered 'auto.'
 (2) Your 'employee' or agent if the covered 'auto' is owned by that 'employee' or agent or a member of his or her household.

Doc. #1, Ex. A.

time of the accident, then arguably the truck was a covered auto, and Continental would be obligated to indemnify and defend Tank Service and possibly Deanda in the underlying lawsuit.

**Analysis**

Deanda asks the Court to dismiss or stay this action because it involves factual issues in the underlying state lawsuit; specifically, whether he was acting within the scope of his employment with Tank Service or Robertson at the time of the accident. Accordingly, Deanda argues that the Court should decline to exercise jurisdiction over this action or in the alternative, stay the action pending resolution of the underlying lawsuit. Continental opposes the motion.[3]

The Federal Declaratory Judgment Act provides in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

District courts have discretion to determine whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). A federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1170 (10th Cir. 1995). A federal court may abstain from exercising jurisdiction over a declaratory judgment action if "plaintiff is using the action for procedural fencing." Id. (insurance company's timing in filing declaratory judgment action "may not necessarily be bad faith," but district court did not err in finding that insurance company used

---

[3] The other defendants have not joined the motion.

declaratory judgment action for procedural fencing).

In deciding whether to entertain a declaratory judgment action, the Court considers whether (1) it would settle the controversy; (2) it would serve a useful purpose in clarifying the legal relation at issue; (3) it is being used merely for purposes of procedural fencing or to provide an arena for a race to res judicata; (4) it would increase friction between the federal and the state court and improperly encroach upon state jurisdiction; and (5) an alternative remedy would be better or more effective. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994); see Runyon, 53 F.3d at 1169.[4]

---

[4] In Runyon, the federal district court had abstained from exercising jurisdiction, "because the same issues were involved in the pending state proceeding, and therefore, there existed a more effective alternative remedy." 53 F.3d at 1169. The Tenth Circuit affirmed, explaining as follows:

> The parties have a pending state contract action, which incorporates the identical issue involved in the declaratory judgment action. [The defendant's] state breach of contract complaint against [the insurance-company plaintiff] alleges the coworkers' lawsuit is a "covered claim" pursuant to the insurance policy. In resolving the insurance contract, the state court will necessarily determine rights and obligations under the contract. [The insurance-company plaintiff] is seeking a declaration by the federal court that the coworkers' lawsuit is not a covered claim. The issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action-whether [the defendant]'s insurance contract with [the insurance-company plaintiff] protects him from the coworkers' lawsuit. Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.

Id. By contrast, in Mhoon, the Tenth Circuit found that the federal district court did not abuse its discretion by hearing the declaratory judgment action. 31 F.3d at 983-84. The Tenth Circuit noted that the insurance company was not a party to the state tort action. Further, the federal court's decision regarding the insurance company's duty did not involve a factual or legal question at issue in the state case; the coverage issue was not a complicated one, and involved only a search of the record to determine whether Mhoon's conduct was accidental under the insurance policy. Id. at 984. "[It] was not a case, therefore, where the district court found a material factual dispute and
(continued...)

Here, the first Mhoon factor weighs slightly in favor of Continental.[5] This declaratory judgment action will settle the issue whether the Continental policy provides coverage for the auto accident in which Tucker died. Further, the coverage issue will not be decided in the state court lawsuit.

The second Mhoon factor also weighs in Continental's favor. The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury." Kunkel v. Cont'l Cas. Co., 866 F.2d 1269, 1274 (10th Cir. 1989); see Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro, No. 08-2110-CM, 2009 WL 997157, at *1 (D. Kan. April 14, 2009). An insurer has a duty to defend, to conduct settlement negotiations and to pay any settlement amount or judgment entered against its insured. Kunkel, 866 F.2d at 1275. A declaratory judgment action is therefore appropriate to clarify legal relationships before final adjudication of an underlying action. See Horace Mann Ins. Co. v. Johnson, 953 F.2d 575, 578 (10th Cir. 1991) (without declaratory judgment action, parties must wait until tort victim attempts to collect judgment from insurance carrier to

---

[4](...continued)
proceeded to resolve it in the face of ongoing state proceedings on the same subject." Id. That scenario would have presented a different issue, especially if the state proceedings were "quite far along." The Tenth Circuit noted that under those circumstances, a stay might be proper. Id.

[5] The Tenth Circuit has noted that some courts have resolved the first two Mhoon factors in favor of exercising jurisdiction when a declaratory judgment action would settle the immediate controversy between the parties to the action. Mid-Continent Cas. Co. v. Village At Deer Creek Homeowner's Ass'n, Inc., 685 F.3d 977, 982 n.3 (10th Cir. 2012) (citing Nw. Pac. Indem. Co. v. Safeway, Inc., 112 F. Supp.2d 1114, 1120 (D. Kan. 2000)). Other courts have found that the first two Mhoon factors counsel against exercising jurisdiction when the declaratory judgment action would leave unresolved other, related issues in parallel state court proceedings. See, e.g., Qwest Commc'ns Int'l, Inc. v. Thomas, 52 F. Supp.2d 1200, 1207 (D. Colo. 1999). The Sixth Circuit has suggested that different factual scenarios might explain these "seemingly differing standards." Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 555 (6th Cir. 2008).

litigate insurance coverage issues). A declaration by this Court relating to the coverage issues presented would clarify the parties' legal relations and resolve uncertainty regarding Continental's obligations.

The third Mhoon factor is whether Continental filed this declaratory judgment action to engage in a race to res judicata or for procedural fencing. This factor also favors Continental because it has a legitimate interest in having the coverage issue decided quickly, and Deanda has pointed to nothing which suggests a race to res judicata or procedural fencing.

Analysis of the fourth Mhoon factor – whether proceeding in this case will cause friction with the state court – revolves around whether this action involves key fact issues which are also before the court in the underlying lawsuit.

In the state court case, Katherine Tucker alleges that Tank Service and/or Robertson are liable for Deanda's negligence because he was acting as an employee of Tank Service or Robertson at the time of the accident. In this case, Continental asks the Court to declare that it owes no obligation to indemnify or defend Tank Service, Robertson or Deanda in the underlying lawsuit because Allen Tucker's bodily injuries were not caused by an accident resulting from the ownership, maintenance or use of a "covered 'auto.'" Specifically, Continental asserts that the pickup which Deanda was driving does not constitute a "covered 'auto'" because it was not a "non-owned 'auto'" or a "hired 'auto.'"[6] Continental also asserts that Deanda does not qualify as an "insured" because he was not performing work for Tank Service at the time of the accident, but was instead working

---

[6] The parties do not dispute that Robertson (and not Tank Service), owned the pickup which Deanda was driving at the time of the accident. Further, the pickup was not listed on the policy and thus does not meet the definition of a "covered 'auto'" under the category of a "specifically described 'auto.'"

for Robertson's separate farming operation.

As noted, the policy provides that Continental "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Thus, the policy provides coverage only for an "insured" who is potentially liable for bodily injury caused by an accident involving a "covered 'auto.'" Tank Service qualifies as an insured because it is the named insured.[7] Continental asserts that in order to determine if the truck was a covered auto, <u>i.e.</u> a borrowed or non-owned auto, the Court need not decide whether at the time of the accident Deanda was working for Tank Service, Robertson or neither (a finding which would impact vicarious liability). Deanda notes that "covered 'autos'" include "nonowned 'autos,'" however, which the policy defines as "'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes 'private passenger type' 'autos' owned by your 'employees' . . . while used in your business or your personal affairs."

Deanda points out that Tank Service did not own the pickup, and asserts that Robertson provided it to him for use in connection with Tank Service business.[8] Tank Service would be covered if at the time of the accident, the pick-up was a "nonowned 'auto,'" which was being used

---

[7] Robertson and Deanda qualify as insureds if they are "permissive users" of a "covered 'auto.'" Deanda appears to concede that because Robertson owned the pickup, Robertson cannot be a permissive user. In order for Deanda to qualify for coverage, he must establish that he was using a covered auto with Tank Service permission and that he was not the owner or employee, agent or driver of the owner, or anyone else from whom Tank Service hired or borrowed a covered auto.

[8] Continental points to state court depositions in which Deanda and Robertson each testified that Deanda was conducting business for Robertson when he had the accident. Continental asserts that "[i]t is enough that Deanda was an agent or driver of Robertson, a fact clearly shown by the deposition testimony." Doc. #29 at 8.

in Tank Service business or personal affairs. Deanda correctly points out that whether he was acting for Tank Service at the time of the accident is intertwined with a question raised in the state court petition – whether Tank Service is vicariously liable for his conduct. Deanda argues that if this Court proceeds to resolve Continental's obligations under the policy at this time, it will almost certainly be required to confront the issue of his role at the time of the loss. The Court agrees.

Based on the above, the fourth <u>Mhoon</u> factor supports dismissal or a stay. Although the state court will not directly rule on Continental's duty to defend or indemnify, in determining whether Tank Service and/or Robertson are vicariously liable for any negligence by Deanda it will likely make a fact finding whether Deanda was working for Robertson or Tank Service at the time of the accident. Further, although Continental has presented evidence that Deanda was working for Robertson and not Tank Service at the time of the accident, the state court has not yet ruled on the issue. The fact issues in the state court tort action overlap with issues in the federal complaint for declaratory judgment. The Court therefore finds that a decision whether Continental is obligated to defend and indemnify Tank Service, Robertson and/or Deanda would result in friction between state and federal courts.

Finally, as to the fifth <u>Mhoon</u> factor, the state court lawsuit will not resolve the entire controversy presented by this declaratory judgment action, but it will likely resolve some of the crucial fact issues in this case.

As an alternative to dismissal, Continental proposes that the Court stay this action until the state court resolves the underlying tort case, which has now been pending for well over two years. The Court finds that a stay is an appropriate alternative remedy. Once the state court has definitively ruled on the question of liability, this Court will proceed with the declaratory judgment action. <u>Cf.</u>

Mhoon, 31 F.3d at 984 (stay of federal declaratory judgment action proper where state court proceeding "quite far along").

**IT IS THEREFORE ORDERED** that <u>Defendant Silvano R. Deanda's Motion To Dismiss Or, In the Alternative, To Stay Plaintiff's Complaint For Declaratory Judgment</u> (Doc. #27) filed November 19, 2012 be and hereby is **OVERRULED** in part and **SUSTAINED** in part. The motion to dismiss is **OVERRULED**, and the motion to stay is **SUSTAINED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the state court determination of liability.

**IT IS FURTHER ORDERED** that the parties shall file a status report every 120 days.

Dated this 9th day of April, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge